ROBERT A. CHAISSON, Judge.
| ¡.Defendant, Leonard P. Earwood, appeals his conviction and enhanced sentence for simple burglary of an inhabited dwelling. For the reasons that follow, we affirm defendant’s conviction and sentence; however, we remand the matter for correction of an error patent as noted herein.

PROCEDURAL HISTORY

On September 12, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant with simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. At his arraignment on the following day, defendant pled not guilty. Thereafter, on February 7, 2014, defendant withdrew his not guilty plea, and after being advised of his rights, pled guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to six years imprisonment at hard labor. The State then filed a bill of information, pursuant to |sthe provisions of LSA-R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender. After defendant stipulated to the allegations of the multiple bill, the trial court vacated defendant’s original sentence and resentenced him, in accordance with the plea agreement, to six years imprisonment at hard labor. Defendant now appeals.

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-ll,[1] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
When an Anders brief has been filed, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
*885 In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He reviewed the procedural history of the case in his brief and noted the limited facts in light of defendant’s guilty plea. He set forth that, after a careful review of the record, he has found no non-frivolous issues to raise on appeal. Counsel notes that defendant pled guilty and that he did not preserve the right to seek review of any pre-trial rulings.[2] Counsel further indicates that no detailed factual basis accompanied defendant’s plea of guilty, but concludes this failure presented no issue for appellate review.
In his Anders brief, appellate counsel also states that defendant’s guilty plea raised no issues for appellate review, noting that defendant was fully advised of his rights, that he understood his rights and the consequences of his guilty plea, and that he was not forced, threatened, or coerced into entering the guilty plea. In addition, counsel recognizes that the sentence was imposed in accordance with the terms of the plea agreement and thus presents no issue for appellate review.
Along with his brief, defendant’s appellate counsel has filed a motion to withdraw as attorney of record, being of the opinion that the appeal is wholly frivolous. He indicates in the motion that he has mailed a copy of his motion to withdraw, the accompanying brief, and a pro se briefing notice to defendant. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until May 16, 2014, to file .a pro se supplemental brief. As of this date, defendant has not filed a supplemental brief.
This Court has performed an independent review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See generally, LSAC.Cr.P. arts. 464-66. Also, as reflected by the minute entries and the commitment, | ^defendant appeared at each stage of the proceedings against him. He attended his arraignment, the guilty plea proceedings, sentencing, and the multiple bill proceedings. Further, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
In addition, our review of the record reveals no irregularities in defendant’s guilty plea on either the original or multiple offender bills of information. With regard to defendant’s guilty plea to simple burglary of an inhabited dwelling, the record indicates that defendant was fully advised of his rights. On the waiver of rights form and during the colloquy with the trial court, defendant, was properly advised of his rights to a judge or jury trial, to confrontation, and to remain silent. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood he was waiving these rights.
In addition, after explanations by the trial court, defendant acknowledged that he understood the nature of the offense and the possible consequences of pleading *886 guilty and wished to plead guilty at that time. Further, defendant indicated that he understood that his guilty plea could be used to enhance penalties for any future convictions. Defendant was also told, during the colloquy and by means of the waiver of rights form, of the maximum possible sentence and of the actual sentence that would be imposed upon acceptance of his guilty plea. He assured the court that he had not been forced, intimidated, coerced, or threatened, and further indicated that he had not been promised anything in exchange for pleading guilty. After his colloquy with defendant, the trial court accepted the guilty plea as knowingly, intelligently, freely, and voluntarily made.
|fiWith respect to the multiple offender proceedings, the record shows that defendant was likewise adequately advised of his rights. The colloquy, in conjunction with the waiver of rights form, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent. In addition, defendant was advised, in the waiver of rights form, of the possible sentencing range as a multiple offender and of the actual sentence that would be imposed. Defendant indicated, by means of his initials on the waiver of rights form, that he was satisfied with the way his attorney and the court explained his rights and the consequences of his guilty plea. He indicated that he was not forced, coerced, or threatened to stipulate to the allegations in the multiple bill. The form was signed by defendant, his attorney, and the judge. The judge indicated that he was accepting the plea as knowingly, intelligently, freely, and voluntarily made by defendant.
We acknowledge that the trial court conducted a very brief colloquy with defendant prior to accepting his waiver of rights in the multiple offender proceedings. However, Louisiana jurisprudence provides that if the record reflects that the defendant was advised of his multiple offender rights by the trial judge and/or his attorney, then the defendant intelligently waived his multiple offender rights. State v. Hart, 10-905 (La.App. 5 Cir. 5/10/11), 66 So.3d 44, 48, writ denied, 11-1178 (La.11/18/11), 75 So.3d 448.
In State v. Williams, 05-582 (La.App. 5 Cir. 2/14/06), 924 So.2d 327, 332-33, this Court recognized on error patent review that the record reflected that the trial judge failed to advise the defendant of his multiple offender rights prior to his stipulation to the multiple bill. This Court found that although the judge did not advise the defendant in court of his multiple offender rights, the colloquy indicated that defense counsel had advised the defendant of those rights and the record 17contained a waiver of rights form that listed the multiple offender rights. This Court also noted that the form was dated on the same date that the defendant stipulated to the multiple bill, which was signed by the defendant, his counsel, and the judge. After considering the exchange that took place among the parties and the waiver of rights form, this Court found that the defendant was adequately advised of his rights before he stipulated to the multiple bill and that he knowingly and intelligently waived those rights.
Likewise, in the present case, the record, including the transcript from the guilty plea proceedings and the multiple offender waiver of rights form, reflects that defendant was adequately advised of and waived his rights prior to admitting to his multiple offender status. Accordingly, the multiple offender proceedings present no non-frivolous issues to raise on appeal.
With regard to defendant’s enhanced sentence, we note that it was imposed in accordance with the plea agreement. This *887 Court has consistently recognized that LSA-C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. In addition, defendant’s enhanced sentence was within the sentencing range prescribed by the statutes.[3] See LSA-R.S. 15:529.1 and LSA-R.S. 14:62.2.
Based on the foregoing, we find that defendant’s guilty plea to simple burglary of an inhabited dwelling, his multiple offender stipulation, and the enhanced sentence imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by Rfull discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent in accordance with LSAC.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals an error in the corrected “State of Louisiana Uniform Commitment Order,” insofar as it fails to reflect the trial court’s recommendation for defendant’s admission into the Steven Hoyle Rehabilitation Center. The original uniform commitment order failed to reflect that defendant’s sentence was part of a multiple bill proceeding. On March 31, 2014, a nunc pro tunc commitment was issued to correct the uniform commitment order to reflect that defendant’s sentence was part of a multiple offender proceeding. However, this corrected uniform commitment order failed to reflect the trial court’s recommendation that defendant be placed into the Steven Hoyle Rehabilitation Center. To ensure that defendant benefits from the recommendation contemplated, we direct the district court to make the appropriate entry reflecting this change and direct the clerk of court to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which the defendant has been sentenced and the Department of Corrections’ Legal Department. See La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam); State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36.
|flFor the reasons set forth herein, defendant’s conviction and sentence are affirmed. This case is remanded for correction of the uniform commitment order as noted herein. Additionally, appellate counsel’s motion to withdraw is granted.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ).

. In fact, counsel recognizes that there were apparently no pre-trial motion hearings conducted, and thus, no pre-trial rulings to be challenged.

. We note that the trial court failed to impose the restriction of benefits as required by the sentencing statutes. Specifically, the trial court failed to impose the entirety of defendant's sentence without benefit of probation or suspension as required by LSA-R.S. 15:529.1(G). In addition, the trial court failed to impose the first year without benefit of parole as required by LSA-I4:62.2. Although the district court failed to restrict benefits, LSA-R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of the sentence. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790.