LILJEBERG, J.
| defendant appeals his conviction and sentence for possession of 28 grams or more but less than 200 grams of cocaine. For the following reasons, we affirm defendant’s conviction, amend his sentence, and affirm the sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On November 6, 2014, defendant, Arthur L. Payne, was charged in a bill of information with possession of 28 grams or more but less than 200 grams of cocaine, in violation of La. R.S. 40:967(F). He pleaded not guilty at his arraignment. Thereafter, on April 27, 2016, defendant withdrew his plea of not guilty and pleaded guilty as charged. In accordance with - the plea agreement, the trial court sentenced defendant to 20 years imprisonment with the Department of Corrections without the benefit of probation, parole, or suspension of sentence. The trial court also imposed a $50,000.00 fine and ordered that his sentence run concurrently with his sentences *900 in case numbers 14-2956, 14-3039, and 14-2957.[1] Defendant filed an application for post-conviction relief seeking an out-of-time appeal, which was granted by the trial court.
FACTS
Because defendant pleaded guilty, the facts were not fully developed at a trial. During the guilty plea colloquy, the State provided the following factual basis for the guilty plea:
[H]ad that matter proceeded to trial, the State was prepared to show that on or about the date listed on the bill of information this defendant, within the 24th Judicial District Court, did violate Louisiana Revised Statute 49:967(F) [sic] in that he knowingly or intentionally possessed a controlled dangerous substance, to wit, cocaine, the amount being between 28 and 200 grams.
|aThe bill information provides that defendant violated La. R.S. 40:967(F) on October 17, 2014.
LAW AND DISCUSSION
Pursuant to the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for. determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or [ ¡¡objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, *901 adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel asserts that before defendant changed his plea from not guilty to guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. Further, appellate counsel contends that in addition to the extensive waiver and plea form filled out by defendant and his trial counsel, an examination of the plea colloquy reveals that the trial court was thorough in explaining and making sure defendant understood the rights he was waiving by pleading guilty.
Appellate counsel has filed a motion to withdraw as attorney of record, in which she states that she has notified defendant that she filed an Anders brief and a motion to withdraw from the case. Appellate counsel also indicates that she ^informed defendant of his right to file a pro se supplemental brief in this appeal.[4] Defendant has not filed a pro se supplemental brief in this matter.[5]
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 462-466. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, and sentencing. Thus, there are no appealable issues surrounding defendant’s presence.
Further, defendant pleaded guilty in this case. Under both state and federal jurisprudence, it is well-settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Johnson, 08-449, p. 4 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-787 (La. 12/18/09), 23 So.3d 932. In the present case, because defendant entered an unqualified guilty plea, he waived any non-jurisdictional defects.
Although defendant filed omnibus pre-trial motions, the record does not reflect that the motions were heard or ruled upon. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State *902 v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Here, defendant did not object to the | atrial court's failure to hear or rule on his pre-trial motions prior to his guilty plea. Therefore, the motions are considered waived.
 Next, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdraw by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believés was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in' defendant’s guilty plea, The record shows that defendant was aware he was charged with and pleading guilty to one count of possession of 28 grams or more but less than 200 grams of cocaine. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form indicating that he understood he was waiving these rights by pleading guilty. He also indicated during the colloquy with the trial judge that he understood that he was waiving these rights.
During his guilty plea colloquy, defendant indicated that his guilty plea was knowing, intelligent, free and voluntary, and no promises or threats were made to encourage him to plead guilty. Defendant also indicated during the guilty plea colloquy that he understood that his guilty plea could, be used to enhance penalties for any future convictions. He was informed during the colloquy and by means of the waiver of rights' form of the > minimum and maximum sentences of imprisonment he faced and of the actual sentence that would be imposed if his | nguilty plea was accepted. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, and voluntarily made.
Although defendant was accurately advised both by means of the waiver of rights form and during the guilty plea colloquy that he faced a minimum sentence of five years imprisonment and a maximum sentence of 30 years imprisonment, the trial, court incorrectly advised defendant of the mandatory, fine he -faced. The trial court advised defendant he faced a maximum fine of $50,000.00. La. R.S. 40:967(F) provides for a mandatory fine of not less than $50,000.00 nor more than $150,000.00.
La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. State v. Kent, 15-323 (La.App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied, (La. 12/16/16), 211 So.3d 1165. Further, La. C.Cr.P. art. 556.1(E) provides that: “[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” Violations of La. C.Cr.P. art. 556.1 that do not rise to the- level of Boykin violations are subject to a harmless error analysis. Kent, supra; State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 64.
In the present case, although the trial court incorrectly advised defendant regarding the-maximum fine he faced, the trial court informed defendant before his guilty plea was accepted that he would *903 receive a $50,000.00 fíne, and defendant later received a $50,000.00 fíne. Any violation of Article 556.1 did not cause prejudice since defendant knew the sentence he would receive, and he received that sentence. The advisement of the agreed upon sentence was sufficient for |7compliance with La. C.Cr.P. art. 556.1. See Craig, 10-854 at 7-8, 66 So.3d at 64; State v. Broadway, 40,569, p. 7 (La.App. 2 Cir. 1/25/06), 920 So.2d 960, 963.
With regard to defendant’s sentence, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of á sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In the present case, defendant’s sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. We also note that the term of defendant’s sentence falls within the sentencing range prescribed by the statute.[6] See La. R.S. 40:967(F). Moreover, defendant’s plea agreement was beneficial to him in that he received a sentence ten years less than the maximum he could have received.
Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s conviction, and we grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. One error requiring corrective action was noted.
Defendant was sentenced to 20 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant’s conviction of hpossession of 28 grams or more, but less than 200 grams, of cocaine does not provide for the restriction of probation, parole, or suspension of sentence. Thus, defendant received an illegal sentence due to the restriction of benefits imposed.
When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts “should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’” State v. Sanders, 04-17 (La. 5/14/04), 876 So.2d 42 (per curiam).
Accordingly, we amend defendant’s sentence to eliminate the restriction of probation, parole, or suspension of sentence for the entire 20-year sentence, and we affirm the sentence as amended. We further order the clerk of the trial court to transmit notice of this amended sentence to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See State v. Richard, 12-310, p. 13 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La. 12/2/13), 126 So.3d 497.
*904 DECREE
For the foregoing reasons, we affirm defendant’s conviction for possession of 28 grams or more, but less than 200 grams, of cocaine. We amend the sentence and affirm the sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; MOTION TO WITHDRAW GRANTED

. Also on April 27, 2016, defendant entered guilty pleas and was sentenced in case numbers 14-2956, 14-3039, and 14-2957. Defendant has filed appeals in this Court in connection with case numbers 14-2956 and 14— 3039. In case number 14-2957, defendant pleaded guilty to the misdemeanor offense of possession of marijuana.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir, 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. This Court also sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the right to file a pro se supplemental brief.

. The State has filed a brief in this matter, concurring in appellate counsel's assertion .that there are no non-frivolous issues to be raised on appeal.

. See Errors Patent discussion, infra, regarding the restriction of benefits.