CHAISSON, J.
Defendant, Richard J. Heath, appeals his conviction and enhanced sentence for simple burglary of an inhabited dwelling. For the reasons that follow, we affirm defendant's conviction and sentence, as amended, and remand the matter for correction of errors patent as noted herein. In addition, we grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On May 18, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2. Defendant pled not guilty at his arraignment on June 10, 2015. Thereafter, on November 19, 2015, defendant withdrew his not guilty plea and, after being advised of his rights, pled guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to twelve years with the Department of Corrections and directed that the first year be served without benefit of parole, probation, or suspension of sentence.
The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender. After defendant stipulated to the multiple bill, the trial court vacated defendant's original sentence and resentenced him as a second felony offender to twelve years with the Department of Corrections without benefit of parole, probation, or suspension of sentence. The trial court ordered that defendant's sentence run concurrently with the sentence imposed in district court case number 14-1462 and with any other sentence defendant might be serving.
*734 On August 17, 2017, the trial court granted defendant's motion for an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. He sets forth the procedural history of the case as well as the circumstances surrounding defendant's guilty pleas and sentencing. In particular, appellate counsel points out that defendant pled guilty and was sentenced pursuant to a counseled plea agreement, that defendant did not preserve any rulings for review under State v. Crosby , 338 So.2d 584 (La. 1976), and that defendant waived all non-jurisdictional defects by entering an unqualified guilty plea. Appellate counsel further sets forth that defendant's guilty pleas to the original and multiple offender bills of information were not constitutionally infirm because defendant was advised of and indicated that he understood the rights that would be waived by pleading guilty. Further, appellate counsel recognizes that defendant was not forced, coerced, or threatened to enter the guilty pleas, and that the sentences were imposed in conformity with the plea agreements. Defendant's appellate counsel concludes that after a conscientious and thorough review of the trial court record, he can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal. Therefore, he requests permission to withdraw as attorney of record for defendant.[2]
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmity or irregularity in defendant's guilty plea to the charge of simple burglary of an inhabited dwelling that would render it invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally *735 infirm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
In the present case, the record reflects that defendant was advised of the nature of the charge against him as well as his constitutional rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self- incrimination. Defendant signed the waiver of rights form indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty. Defendant was additionally informed of his sentencing exposure and of the actual sentence that would be imposed upon acceptance of his guilty plea. Further, during the guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea. After the colloquy with defendant, the trial court accepted defendant's plea as knowingly, intelligently, freely, and voluntarily made.
With respect to the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. The waiver of rights form and the transcript indicate that defendant was advised of his right to a hearing at which the State would have to prove that he was the same individual who had the prior felony conviction, that the time period between the completion of the sentence and the date of the crime was ten years or less, and that he was properly advised of his rights if the prior conviction was the result of a guilty plea. Defendant was also advised of his right to remain silent throughout the hearing. In addition, defendant was advised of the potential sentencing range as a second felony offender and the actual sentence he would receive.[4] Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill, that he understood his rights and the legal consequences of pleading guilty to the multiple offender bill of information, and that he wished to plead guilty. The trial judge thereafter accepted defendant's admission to the multiple offender bill as knowingly, intelligently, freely, and voluntarily made.
Further, defendant's enhanced sentence was imposed in accordance with the plea agreement.[5] La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. This Court has also applied La. C.Cr.P. art. 881.2(A)(2) to cases in which a defendant admits to the allegations in a habitual offender bill of information as part of a sentencing agreement.
*736 State v. Robinson , 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269, 1272. In addition, defendant's enhanced sentence falls within the sentencing ranges set forth in the applicable statutes. See La. R.S. 14:62.2 ; La. R.S. 15:529.1. Based on the foregoing, we find that defendant's guilty pleas to the original and multiple offender bills of information and the enhanced sentence imposed pursuant to the plea agreement do not present any issues for appeal.
ERRORS PATENT REVIEW
We have reviewed the record for errors patent and find two errors that require correction. La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). First, although defendant was sentenced within the sentencing ranges, we note an error favorable to defendant that needs to be corrected with regard to the restriction of parole eligibility. In particular, the trial court improperly restricted defendant's parole eligibility for the entirety of his sentence. At the time of the offense in February of 2014, La. R.S. 14:62.2 provided, "Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years."[6] La. R.S. 15:529.1(G) requires the enhanced sentence to be imposed without benefit of probation or suspension of sentence. The restrictions imposed on parole eligibility in multiple offender sentences under La. R.S. 15:529.1"are those called for in the reference statute." State v. Esteen , 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, writ denied , 02-1540 (La. 12/13/02), 831 So.2d 983. The underlying statute in the instant case does not provide for the prohibition of parole for the entire length of the sentence, only for the first year. See State v. Earwood , 14-258 (La. App. 5 Cir. 10/29/14), 164 So.3d 883, 887 n.3. Accordingly, we amend defendant's sentence to reflect that only the first year is to be served without benefit of parole. State v. Payne , 17-14 (La. App. 5 Cir. 5/17/17), 220 So.3d 898, 903.
Second, we note that the minute entry/commitment and the State of Louisiana Uniform Commitment Order ("UCO") are inconsistent with the transcript. While the minute entry/commitment and the UCO reflect that defendant's sentence was to run concurrently with the sentence imposed in case number 14-1462, the transcript indicates that the trial judge ordered the enhanced sentence to run concurrently with the sentence imposed in case number 14-1462 and with any other sentences defendant might be serving. According to State v. Lynch , 441 So.2d 732, 734 (La. 1983), if "there is a discrepancy between the minutes and the transcript, the transcript must prevail."
Accordingly, we direct the district court to correct the minute entry/ commitment and the UCO to reflect that only the first year of defendant's sentence is to be served without parole eligibility and that defendant's sentence is to run concurrently with the sentence imposed in case number 14-1462 and with any other sentences defendant may be serving. We further instruct the 24th Judicial District Court Clerk of Court to transmit the original of the amended commitments to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections' legal department. State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
*737 DECREE
Based on the foregoing, we find that defendant's guilty plea, his multiple offender stipulation, and the enhanced sentence imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's conviction, his multiple offender adjudication, and the sentence as amended herein. We remand the matter for correction of errors patent, and in addition, we grant appellate counsel's motion to withdraw as attorney of record for defendant.
CONVICTION AND SENTENCE, AS AMENDED, AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

In addition, defendant was notified of his right to file a pro se brief in this appeal. As of this date, defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

It is noted that the trial court incorrectly advised defendant that the entire enhanced sentence had to be served without benefit of parole. However, this incorrect advisal regarding the restriction of parole eligibility is inconsequential since this Court is correcting the error herein. See errors patent review, infra.

We note that defendant's original sentence was also imposed in conformity with the plea agreement; however, that sentence was vacated subsequent to defendant's stipulation to the multiple offender bill of information.

In 2017, the restriction of benefits was removed from the statute (Acts 2017, No. 281, § 1, eff. August 1, 2017).