312 So.2d 337 (1975)
STATE of Louisiana
v.
Richard OLIVEAUX.
No. 55321.
Supreme Court of Louisiana.
April 24, 1975.
Rehearing Denied May 30, 1975.
*338 John R. Joyce, Wright & Joyce, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Johnny Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Richard Oliveaux, was convicted after a jury trial of driving while intoxicated, third offense, in violation of La.R.S. 14:98[1] and was sentenced to one year at hard labor.
No perfected bills of exceptions or errors duly assigned under La.C.Cr.P. Art. 920 as amended by Acts 1974, No. 207 are presented in this appeal. We are therefore confined to an examination of the pleadings and proceedings for discoverable error. La.C.Cr.P. Art. 920(2).
In brief defendant contends that our review of the record will reveal that the pleadings and proceedings fail to show that he was represented by counsel or that he waived counsel on the occasion of his first conviction for driving while intoxicated.[2] He contends that the document which evidences this lack of counsel and lack of waiver is part of the record reviewable by this Court.
The State contends in brief that the record does not disclose reversible error.
*339 Neither the State nor the defense cites any authority for its position concerning whether the document which purportedly shows lack of counsel and lack of affirmative waiver is part of the record reviewable under La.C.Cr.P. Art. 920(2).
We have determined that the record in a criminal case includes the caption, the statement of time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the mentioning of the impanelling of the jury, the verdict, and the judgment, State v. Palmer, 251 La. 759, 206 So.2d 485 (1968), State v. Sanford, 248 La. 630, 181 So.2d 50 (1965); the bill of particulars filed in connection with a short form indictment or information, State v. Picou, 236 La. 421, 107 So.2d 691 (1959); and, in capital cases, a minute entry indicating that the jury had been sequestered as required by La.C.Cr.P. Art. 791, State v. Hunter, 306 So.2d 710 (La.1975), State v. Luquette, 275 So.2d 396 (La.1973).
Mere presence of a document in the record transmitted to this Court is not sufficient to allow us to review the document for discoverable error under Article 920(2). State v. Craddock, 307 So.2d 342 (La.1975).
In the instant case, the document which has been included in the record, and which defendant contends we may examine to determine that he was not represented by counsel and did not waive counsel on the occasion of his first conviction for driving while intoxicated, appears to be an extract of the minutes of the City Court of the City of Monroe,[3] and it was admitted into evidence as State Exhibit No. 2. As such, the document comes under the category of evidence, an inspection of which is explicitly proscribed by La.C.Cr.P. Art. 920(2).[4]
We have examined the pleadings and proceedings for discoverable error and have found none.
Accordingly, the defendant's conviction and sentence are affirmed.
NOTES
[1] La.R.S. 14:98 provides:

A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
C. On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.
D. On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.
E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder.
[2] In City of Monroe v. Fincher, 305 So.2d 108 (La.1974), we held that a defendant could not be subject to prosecution and imprisonment as a repeat offender where the record of his prior conviction for the same offense did not show that he had been represented by counsel or had waived counsel.
[3] The document, dated September 16, 1970, lists the defendant's name, the charge, the commitment number, and the sentence imposed. It is not, in our view, a document which purports to contain information with regard to the presence or absence of counsel, or the waiver of the right to counsel.
[4] Art. 920. Scope of appellate review

The following matters and no others shall be considered on appeal:
. . . . .
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. (Emphasis provided)