CALOGERO, Justice,
concurring.
I subscribe to the majority opinion in this case because it is correct as a matter of law *986 and in keeping with the procedure and customs of this Court under which a very restrictive appellate review is made when a defendant simply asks this Court to review the record for errors discoverable by a mere inspection of pleadings and proceedings and without inspection of the evidence. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). The fact that the majority has reviewed only the third assignment of error is in keeping with our practice of reviewing in non-capital cases only those assignments which are argued by counsel in brief or oral argument because defense counsel in this case did not argue the first two errors he had formally assigned.
Nevertheless, I believe that defense counsel in this case made a grave error in failing to argue his first assignment which concerned the failure of the trial judge to grant his motion to quash the information because of improper joinder of offenses. Perhaps the merits of that assignment could still be reviewed in an application for writ of habeas corpus on the basis of a denial of due process rights through his being forced to face these unrelated charges in one trial, or on the basis of incompetent counsel. In any case, it should be apparent to defense attorneys that the abandonment of meritorious assignments may in future stages of given litigation constitute the basis of a finding of incompetence.