IxBOWES, Judge.
The defendant, William J. Shroyer, Jr., was charged by a single bill of information with one count of violating a protective order under La.R.S. 14:79; one count of harassing phone calls under La.R.S. 14:285, and one count of resisting arrest in violation of La. R.S. 14:108. Defendant pled not guilty and was tried on February 1,1996. After considering the evidence presented, the judge found defendant guilty as charged of all three counts. Defendant was sentenced to six months in parish prison on each count, to run consecutively, with credit given for time served.
Defendant filed a motion for appeal from his conviction and sentence.

\ JURISDICTION

In his brief, defendant acknowledges that generally there is no right of appeal from a misdemeanor conviction. However, defendant requests that this Court continue to handle the matter as an appeal in the interest of judicial economy as the sentence imposed would have necessitated a trial by jury, and the matter has already been processed on this Court’s appellate docket. This court will comply with this request for reasons given, infra.
Art. I, Sec. 17 of the Louisiana Constitution requires that “[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict.” Further, La. C.Cr.P. art. 779 provides that a defendant charged with a misdemeanor in which the punishment may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict, while a defendant charged with any other misdemeanor shall be tried by the court without a jury. This right to a jury trial is, of course subject to waiver under La.C.Cr.P. art 780. However, there is no waiver by the defendant here. La.C.CrJP. art. 912.1 reads in pertinent part as follows:
[[Image here]]
B. The defendant may appeal to the court of appeal from a judgment in a criminal ease triable by jury, except as provided in Paragraph A of this Article.
IsC.(l) In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.
In the present case, the trial judge (illegally, see infra) sentenced defendant to six months on each count, to run consecutively, for a total of eighteen months. Based on the actual sentence imposed of eighteen months, defendant would have been entitled to a trial by a six person jury, and would consequently have been entitled to an appeal. Since the length of the actual sentence imposed (although illegal) entitled defendant to an appeal, we have determined, in the interest of justice, to review this case as an appeal rather than to dismiss it based on the nonap-pealability of the misdemeanor convictions herein.

FACTS

This case basically involves a domestic dispute between defendant and his ex-wife, Angela Shroyer. Prior to the taking of testimony, the prosecutor and the defense attorney stipulated that there was a temporary restraining order in effect on November 23, 1995, prohibiting defendant and his ex-wife from having contact with one another, intimidating, harassing or going to either’s place of residence. The restraining order was introduced as State Exhibit Number One and Defense Exhibit Number One.
Deputy Oliver Silvey of the Jefferson Parish Sheriffs Office testified that on November 23, 1995, he responded to a domestic disturbance call on UGrovewood Drive. As the officer approached the scene, he saw *808 defendant drive away in his truck. The officer testified that he was familiar with defendant and the vehicle he drove because he had handled prior incidents involving defendant and his ex-wife. When the officer saw defendant drive away, he turned on his overhead lights and effected a traffic stop. After they came to a stop, defendant initially charged at the officer; however, the officer then had defendant place his hands on the truck and attempted to pat him down for weapons. While the officer patted defendant down, defendant said “This is a bunch of B.S.” and with his elbow hit Officer Silvey in the upper arm area. A struggle ensued between Officer Silvey and defendant; however, the officer eventually subdued defendant, at which time he was handcuffed and arrested.
To corroborate Deputy Silvers testimony, Deputy Gabe McFarlain of the Jefferson Parish Sheriffs Office, testified that on November 23, 1995, he responded to a disturbance call at 444 Grovewood. On his way, he observed Deputy Silvey struggling with a subject. According to Officer McFarlain, the subject (defendant) came off the truck, turned and elbowed Deputy Silvey on the upper part of the right shoulder. Deputy Silvey began struggling with the subject in order to gain control. Eventually, the two officers gained control of defendant at which time he was placed under arrest.
Angela Shroyer, defendant’s ex-wife, testified that on April 28, 1995, at the time a preliminary injunction was in effect, she received about twenty | sphone calls from defendant. In the first several calls, defendant was calm and wanted to talk to his daughter; however, the phone calls then became increasingly more violent. In one of the phone calls, defendant threatened to burn the house down. Again, on November 23, 1995, defendant made threatening phone calls, and when Ms. Shroyer turned the phone off, he came over. Defendant banged on the glass and eventually kicked the door down. Ms. Shroyer thereafter called the police.
After the state rested, defendant testified in his own behalf. According to defendant, despite a restraining order, he and his wife had regular and cordial contact with each other, including a trip they took together with their daughter to Mississippi.
On cross-examination, defendant denied hitting Deputy Silvey. He also claimed that Ms. Shroyer accepted collect phone calls from him on a daily basis while he was incarcerated. He further denied that his phone calls to his wife were harassing, intimidating, or coercive.

ASSIGNMENT OF ERROR NUMBER ONE

In this assignment of error defendant avers that the trial court imposed an illegal and excessive sentence.
La.C.Cr.P. art. 493.1 article reads as follows:
Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both.
leln the present ease, the bill of information charged defendant with three misdemeanors. Therefore, according to La. C.Cr.P. art. 493.1, the maximum aggregate penalty which could have been imposed was six months. The state concedes, in its brief, that defendant’s argument is correct and that defendant is entitled to relief as to the sentences that he received.
Accordingly, under authority of La.C.Cr.P. art. 881.4A, we annul and vacate this illegal sentence and remand the matter for resen-tencing.
Also assigned as error are any and all errors patent on the face of the record. An error patent review was done in accordance with La.C.Cr.P. art. 920 and State v. Oli-veaux, 312 So.2d 337 (La.1975). This review reveals that the trial judge failed to advise defendant of the prescriptive period for post-conviction relief as she is mandated to do by La.C.Cr.P. art. 930.8C. However, no further action is required of this Court inasmuch as the matter is remanded for resentencing but the trial judge is reminded and instructed to *809 correct this omission at the resentencing hearing.

DECREE

For the foregoing reasons, the conviction of defendant is affirmed, the sentence is annulled and vacated and matter is remanded to the trial court for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.