| DUFRESNE, Judge
The Jefferson Parish District Attorney filed a bill of information charging defendant, Baryl S. Baylis, with theft of goods valued at $100.00 to $500.00, a violation of LSA-R.S. 14:67.10. The matter proceeded to trial before a six person jury, at the conclusion of which defendant was found guilty as charged. As a result of this conviction, the trial judge sentenced defendant to two years at hard labor with credit for time served.
The state subsequently filed a multiple offender bill of information alleging that defendant was a second felony offender. After defendant admitted the allegations of the habitual offender bill, the trial court vacated his original sentence, and thereafter sentenced defendant to four years at hard labor. The defendant now appeals,[1] *130 challenging the sufficiency of the | ^evidence used to convict him of theft. For the reasons set forth herein, we affirm defendant’s conviction.

FACTS

On January 27, 1999, Melvin Grodsky, owner of J. Michaels Clothing Store, observed defendant and another man enter his store in the Lakeside Shopping Center in Metairie. Based upon his years of experience in the retail clothing business, Grodsky believed that the two men were working a “split,” a practice in which one person aims to divert the shopkeeper’s attention while the other person tries to steal something from the store. After the other man working the “split” had attempted to distract Grodsky’s attention for approximately fifteen minutes, Grodsky noticed that defendant had left the store, and that a jacket had been removed from a mannequin near the store’s entrance. The jacket was valued at $175.00. Mr. Grod-sky left J. Michaels in pursuit and found defendant two doors down from the store with the missing jacket in his possession. Mr. Grodsky demanded the return of the jacket, and grabbed it back from defendant. At that time, defendant fled.
Robert G. Thomas, a mall security officer, pursued defendant and eventually apprehended him in the parking lot of Andrea’s Restaurant. Shortly thereafter, Jefferson Parish Sheriffs deputies arrived and placed defendant under arrest. After defendant’s arrest, Mr. Grodsky positively identified defendant as the person who had the stolen jacket in his possession.

SUFFICIENCY OF THE EVIDENCE

|3In his sole assignment of error, defendant challenges the sufficiency of the evidence used to convict him of theft of goods.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, supra; State v. Jones, 98-842 (La.App. 5 Cir. 2/10/99), 729 So.2d 57.
In this case, defendant was charged with theft of goods valued between $100.00 and $500.00, in violation of LSA-R.S. 14:67.10. That provision reads, in pertinent part, as follows:
A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever *131 may be the subject of the misappropriation or taking is essential and may be inferred when a person:
|4(1) Intentionally conceals, on his person or otherwise, goods held for sale.
[[Image here]]
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection.
[[Image here]]
On appeal, defendant contends that the evidence was insufficient to prove his intent to deprive the owner permanently of the jacket. He asserts that a number of reasonable hypotheses exists to explain his possession of the jacket. He contends that the evidence did not exclude the reasonable explanation given by defendant at the sentencing hearing that the other man took the jacket and had just given it to him without explanation when Mr. Grodsky accused him of having taken it. He also asserts that the evidence did not exclude the reasonable hypothesis that the other man took the jacket and that defendant merely found the jacket lying on the ground when he picked it up to examine it in order to determine where it had come from. In support of this proposition, defendant cites the testimony of Mr. Grod-sky, who stated that he saw the defendant hold up the jacket, apparently to look at it.
In the present case, although no one actually witnessed defendant take the jacket, Mr. Grodsky saw defendant and another man enter his store in the Lakeside Shopping Center on January 27, 1999. Based upon his years of experience safeguarding against shoplifting in the retail clothing business, Grodsky surmised that the two men were working a “split,” a criminal practice in which one person diverts the shopkeeper’s attention while the other person tries to steal something from the store. When describing the actions of defendant and the other man in his store, LGrodsky testified, “One of the fellows wouldn’t get out of my face. And I kept watching the other guy, who was trying to take something.” Grodsky said that the other individual kept moving, in a position where he could not focus on defendant. After the other man working the split had attempted to divert Grodsky’s attention in this manner for approximately fifteen minutes, Grodsky noticed that defendant had left the store, and that a jacket had been removed from a mannequin near the store’s entrance. The last time Grodsky saw defendant in his store, defendant was ten to fifteen feet from the mannequin, with no one else around him. According to Grodsky, the jacket was not fastened to the mannequin in any manner and easily could have been removed just by pulling on it. The jacket was valued at $175.00. When he realized that the jacket had been stolen, Mr. Grodsky left the store in pursuit. He testified that he saw defendant two doors down from J. Michaels with the jacket in his possession. According to Grodsky, defendant had the jacket under his arm, and then he pulled it out. Grod-sky demanded the return of the jacket, and then grabbed it back from defendant. Immediately thereafter, defendant fled.
Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded beyond a reasonable doubt that defendant did, in fact, commit a theft of the jacket. Accordingly, we reject the arguments raised by defendant in this assignment of error.
| JERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals no error which require corrective action.
*132 For the reasons set forth herein, we affirm defendant’s conviction and sentence.

AFFIRMED.

. We note that defendant filed a motion for appeal after he was convicted and sentenced on the theft charge, but before the habitual offender hearing and resentencing. While this motion for appeal may be deemed premature, that procedural defect was cured by the trial court’s imposition of sentence on the *130 multiple bill. State v. Bagemehl, 98-1134 (La.App. 5 Cir. 5/19/99), 737 So.2d 228.