CHAISSON, J. li Defendant, Theodore Stamps, III, appeals his convictions and sentences for driving while intoxicated, fourth or subsequent offense. For the reasons that follow, we affirm defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw as attorney of record for defendant. PROCEDURAL HISTORY On October 7, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of driving while intoxicated, fourth or subsequent offense,[1] in violation of La. R.S. 14:98(A) and 14:98.4(A).[2] At the October 9, 2015 arraignment, defendant pled not guilty. Thereafter, on March 16, 2016, defendant withdrew his, not guilty pleas and, after being advised of his rights, pled guilty as charged to both counts. In accordance with the plea agreement, the trial court sentenced defendant to twenty-five years at hard labor on each count with the first two years to be served without benefit of probation, parole, or suspension of sentence,. The trial court ordered the sentences to run concurrently with each other and also imposed a fine of $5,000.00 on defendant. Subsequently, on . February 10, 2017, the trial court granted defendant ah out-of-time appeal. ANDERS BRIEF Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as attorney of record for defendant. When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110. In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He sets forth the procedural history of the case as well as the circumstances surrounding defendant’s guilty pleas and sentencing. In particular, appellate counsel points out that during the plea proceedings, defendant was adequately advised of his rights and the consequences of his guilty pleas and acknowledged that by pleading guilty, he was waiving certain rights, including the right to trial by judge or jury, the right to confront and cross-examine witnesses, and the privilege against self-incrimination. In his Anders brief, appellate counsel recognizes that the trial court sufficiently explained the nature of the charges, and defendant acknowledged his guilt for both counts. Further, appellate counsel notes that defendant’s pleas were not the result of promises, force, intimidation, or coercion, and that the trial court sentenced defendant in accordance with the terms of the plea agreement. In his brief, defendant’s appellate counsel points out that the trial court, just prior to correctly advising defendant that the mandatory minimum sentence is ten years, inadvertently informed defendant that the maximum penalty under the statute is ten years; however, counsel then explains that the error can be deemed harmless since the record shows that defendant was apprised of the correct |asentencing range in the waiver of rights form and by the trial court at the end of the guilty plea proceedings. Defendant’s appellate counsel concludes that after a conscientious and thorough review of the trial court record, he can find no non-frivolous issues to raise on appeal and no ruling of the court that arguably supports an appeal. Therefore, he requests permission to withdraw as attorney of record for defendant.[4] This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. We particularly note that the record reveals no constitutional infirmities or irregularities in the guilty plea proceedings. The transcript and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[5] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, defendant acknowledged that he had not been forced, coerced, or threatened into entering his guilty pleas. The record also reflects that defendant was advised of and understood his sentencing exposure and the actual sentences that would be imposed upon acceptance of his guilty pleas. As noted by appellate counsel in his Anders brief, the trial judge incorrectly advised defendant during the colloquy that he faced a maximum sentence of ten years at hard labor when the statute carries a maximum sentence of thirty years. See La. R.S. 14:98.4(A). However, any confusion in that regard was cleared up when the trial court at the end of the proceedings correctly stated: “The minimum was ten years; the maximum wa's thirty on each count.” In |4addition, the waiver of rights form signed by defendant clearly sets forth that the minimum sentence is ten years and the maximum sentence is thirty years. Further, the record is clear that defendant understood that upon acceptance of his guilty pleas, he would receive a sentence of twenty-five years on each count, to run concurrently. Accordingly, any error in the trial court’s initial misstatement as to the maximum possible penalty is of no consequence and presents no issue for appeal. With regard to defendant’s sentences, they were imposed in accordance with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In addition, defendant’s sentences fall within the sentencing range prescribed by the statute. La. R.S. 14:98.4(A). Based on the foregoing, we find that defendant’s guilty pleas and the sentences imposed pursuant to the plea agreement do not present any issues for appeal. Lastly, we have reviewed the record for errors patent and have found no errors that require corrective action. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for. a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record for defendant, and we affirm defendant’s convictions and sentences. CONVICTIONS AND- SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED . The bill of information alleged in each count that defendant had six prior driving while intoxicated convictions. . The' penalty provisions for the crime of operating a motor vehicle while intoxicated, ■fourth or subsequent offense, are set forth in La. R.S. 14:98.4. . In Bradford, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam). . In addition, defendant was notified of his right to file a pro se brief in this appeal. As of this. date, defendant has not filed a pro se brief. . Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)