CHAISSON, J.
Defendant, Carlos Dupree Romious, appeals his convictions and sentences for two counts of battery of a police officer. For the reasons that follow, we affirm defendant's convictions and sentences, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On June 3, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of battery of a police officer, in violation of La. R.S. 14:34.2. Defendant pled not guilty at his arraignment. He thereafter filed a motion to appoint a sanity commission to determine his competency to proceed to trial. On September 14, 2016, after considering the report of the sanity commission, the trial court found defendant not competent to proceed to trial and committed him to the forensic unit at the Eastern Louisiana Mental Health System. On July 19, 2017, the trial court, after reviewing a subsequent report by the sanity commission, determined that defendant was competent to proceed to trial.
Following this determination, defendant withdrew his previous pleas of not guilty and, after being advised of his rights, pled guilty to both counts. In accordance with the plea agreement, the trial court sentenced defendant, on count one, to one year imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. On count two, the trial court sentenced defendant to one year imprisonment at hard labor, suspended all but thirty days of the sentence, and ordered the thirty days to be served without benefit of probation, parole, or suspension of sentence. In addition, the trial court ordered that defendant be placed on one year active probation upon his release from prison *1278 and that his sentence on count one run consecutively with his sentence on count two.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She sets forth the procedural history of the case and notes the limited facts in light of defendant's guilty pleas. Appellate counsel asserts that before defendant's decision to change his pleas from not guilty to guilty, he was fully informed of the legal consequences of changing his pleas by both his trial counsel and the trial court. She avers that an examination of the plea colloquy reveals that the trial court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights under Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Furthermore, appellate counsel notes that defendant was informed of the sentences he would receive and was sentenced in accordance with the plea agreement, which restricts him from appealing his sentences. In addition to her brief, appellate counsel has filed a motion to withdraw as attorney of record for defendant on the basis that she has conducted a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court that arguably support the appeal.[2]
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas that would render them invalid. The transcript of the guilty plea proceeding and the acknowledgement and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. In addition, the record reflects that *1279 defendant was advised by the trial court and in the waiver of rights form of the potential sentencing ranges for the charged offenses and of the actual sentences that would be imposed upon acceptance of his guilty pleas. Further, during the guilty plea colloquy, defendant informed the trial court that he was satisfied with the representation of his counsel and that no one forced or threatened him into entering the guilty pleas. After the colloquy with defendant, the trial court accepted his guilty pleas as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant's sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas. Furthermore, defendant's sentences fall within the sentencing ranges prescribed by the statute. See La. R.S. 14:34.2(B)(2) and (3). Based on the foregoing, we find that defendant's guilty pleas and the sentences imposed pursuant to the plea agreement do not present any issues for appeal.
Lastly, we have reviewed the record for errors patent and have found none that require corrective action. La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record for defendant, and we affirm defendant's convictions and sentences.
AFFIRMED; MOTION TO WITHDRAW GRANTED

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

In addition, defendant was notified of his right to file a pro se supplemental brief in this appeal. As of this date, defendant has not filed a pro se brief.