CHAISSON, J.
*524 In this criminal appeal, defendant, Orrick Hurd, seeks review of the trial court's ruling on the State's motion to correct illegal sentence, requiring defendant to register as a sex offender pursuant to the provisions of La. R.S. 15:541 et seq. For the reasons that follow, based on the record before us, we find that the trial court improperly granted the State's motion, and accordingly, we remove the provision of defendant's sentence that required him to register as a sex offender.
PROCEDURAL HISTORY
On January 25, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of human trafficking of a person under the age of twenty-one years for the purpose of engaging in commercial sexual activity, in violation of La. R.S. 14:46.2. Defendant pled not guilty at his arraignment. On September 20, 2017, the State filed a superseding bill of information to add a second count of human trafficking of a person under the age of twenty-one for the purpose of engaging in commercial sexual activity. Defendant again pled not guilty.
On June 14, 2017, during a bond reduction hearing, the State, represented by Lindsay Truhe, and defense counsel, Anna Friedberg, discussed plea negotiations in open court. The following exchange took place:
MS. TRUHE:
I've offered a no bill and eight. It's not going to get any better than a no bill and eight. I mean, as charged if he were convicted and billed, he'd be looking at 33 years and change to 100.
MS. FRIEDBERG:
Well, one of the issues is that the way that it's charged, one of the things that I had asked to counter with is that right now even if she reduced it some or she could offer a no bill and eight, but it still would require that he register as a sex offender. And so we're asking it be reduced in such a way at least to relieve him from that penalty.
Furthermore, Judge, it is listed as a crime of violence even though there has been no violence alleged or no force or coercion alleged, but by the fact that this person was under 21 makes it such a stiff sentence. Anyway, the point of my story is an 85 percent service rate, so it would be quite some time.
On November 30, 2017, the State amended counts one and two of the superseding bill "to 14:46.2(B)(1)," per a "negotiated plea." Immediately following the amendment, defendant withdrew his pleas of not guilty, and after being advised of his Boykin[1] rights, pled guilty to the amended counts.[2] In accordance with the plea *525 agreement, the trial court sentenced defendant to seven years imprisonment with the Department of Corrections on each count to run concurrently.
On December 12, 2017, subsequent to the imposition of sentence pursuant to a negotiated plea agreement, the State filed a motion to correct illegal sentence, alleging that defendant's sentences, which failed to require him to register and notify as a sex offender/child predator, needed correction. On December 19, 2017, after a hearing at which the State was represented by Lindsay Truhe, the trial court granted the State's motion to require defendant to register as a sex offender and provided him with written notification of his registration obligations in accordance with La. R.S. 15:543.
Defendant now appeals, contending that the trial court erred in requiring him to register as a sex offender. He asserts that the State's amendment to the superseding bill of information effectively eliminated the age requirement of the original charges, and as a result of this amendment, his guilty pleas were not to offenses that mandated registration as a sex offender.
In contrast, the State asserts that despite the amendment to the bill of information, defendant was nonetheless required to register as a sex offender because the amendment did not eliminate the "under the age of twenty-one years" language from the charges. Based on the record before us, we find that the trial court erred in granting the State's motion to correct illegal sentence and ordering defendant to register as a sex offender.
DISCUSSION
In the present case, defendant pled guilty to two counts of human trafficking. The offense of human trafficking and its penalties are set forth in La. R.S. 14:46.2, which provides, in part, as follows:
A. It shall be unlawful:
(1)(a) For any person to knowingly recruit, harbor, transport, provide, solicit, receive, isolate, entice, obtain, or maintain the use of another person through fraud, force, or coercion to provide services or labor.
(b) For any person to knowingly recruit, harbor, transport, provide, solicit, sell, purchase, receive, isolate, entice, obtain, or maintain the use of a person under the age of twenty-one years for the purpose of engaging in commercial sexual activity regardless of whether the person was recruited, harbored, transported, provided, solicited, sold, purchased, received, isolated, enticed, obtained, or maintained through fraud, force, or coercion.
(2) For any person to knowingly benefit from activity prohibited by the provisions of this Section.
(3) For any person to knowingly facilitate any of the activities prohibited by the provisions of this Section by any means, including but not limited to helping, aiding, abetting, or conspiring, regardless of whether a thing of value has been promised to or received by the person.
B. (1) Except as provided in Paragraphs (2) and (3) of this Subsection, whoever commits the crime of human trafficking shall be fined not more than ten thousand dollars and shall be *526 imprisoned at hard labor for not more than ten years.
(2)(a) Whoever commits the crime of human trafficking when the services include commercial sexual activity or any sexual conduct constituting a crime under the laws of this state shall be fined not more than fifteen thousand dollars and shall be imprisoned at hard labor for not more than twenty years.
(b) Whoever commits the crime of human trafficking in violation of the provisions of Subparagraph (A)(1)(b) of this Section shall be fined not more than fifty thousand dollars, imprisoned at hard labor for not less than fifteen years, nor more than fifty years, or both.
According to La. R.S. 15:542(A), the following persons shall be required to register and provide notification as a sex offender:
(1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section.
(b) A criminal offense against a victim who is a minor as defined in R.S. 15:541.
La. R.S. 15:541(24)(a) defines a "sex offense" as any "deferred adjudication, adjudication withheld, or conviction for the perpetration or attempted perpetration of or conspiracy to commit human trafficking when prosecuted under the provisions of R.S. 14:46.2(B)(2)."[3] A "criminal offense against a victim who is a minor" is defined in La. R.S. 15:541(12)(b)(ii) as a conviction for the perpetration or attempted perpetration of or conspiracy to commit a violation of La. R.S. 14:46.2 when the victim is under twenty-one years of age. Thus, under these provisions, registration as a sex offender/child predator is required for persons convicted of human trafficking under certain conditions, including when the victim is under twenty-one years of age.
In the present case, defendant was originally charged with two counts of human trafficking of a person under the age of twenty-one for the purpose of engaging in commercial sexual activity ( La. R.S. 14:46.2(A)(1)(b) ) and thus would have been subject to the harsher sentencing provisions contained in La. R.S. 14:46.2(B)(2)(b). In addition, as originally charged, defendant would have been required to register as a sex offender. See La. R.S. 15:542, La. R.S. 15:541(2)(p), and La. R.S. 15:541(24)(a), supra .
However, on November 30, 2017, the State amended the bill of information to reflect that counts one and two were "amended to 14:46.2(B)(1)" per a "negotiated plea." Pursuant to this penalty provision, defendant faced a fine of not more than ten thousand dollars and imprisonment at hard labor for not more than ten years. In accordance with the plea agreement, defendant was sentenced to seven years imprisonment on each count, which is within the parameters of La. R.S. 14:46.2(B)(1), the amended sentencing provision listed on the superseding bill of information. Under this penalty provision, *527 registration as a sex offender is generally not required unless certain conditions are met, including if the victim of the offense is under the age of twenty-one years. See La. R.S. 15:542, La. R.S. 15:541(2)(p), and La. R.S. 15:541(12)(b)(ii).
In the present case, defendant does not contest that registration as a sex offender is required for those persons convicted of human trafficking when the victim is under the age of twenty-one years. Rather, he maintains that the State's amendment to the superseding bill of information effectively eliminated the age element. Thus, he maintains that the trial court erred in requiring him to register as a sex offender when he was not charged in the amended superseding bill of information with committing an offense against a victim under the age of twenty-one, did not plead guilty to a criminal offense against a victim under the age of twenty-one, and there was no evidence in the record that the victim was under twenty-one years of age.
The State, however, asserts that despite the amendment to the bill of information, defendant was nonetheless required to register as a sex offender because the amendment did not eliminate the "under the age of twenty-one" language. The State reasons that regardless of the fact that it amended the charges to "14:46.2(B)(1)," defendant was required by law to register per La. R.S. 15:542(A)(1)(b) because, while not a sex offense, defendant committed a criminal offense against a victim who is a minor as defined in La. R.S. 15:541(12).
Based on the record before this Court, we find that the trial court erred in granting the State's motion to correct illegal sentence and ordering defendant to register as a sex offender. We acknowledge that when amending the bill of information to La. R.S. 14:46.2(B)(1), the State failed to change the substantive language of the bill of information that alleged that defendant committed human trafficking of a person under the age of twenty-one years for the purpose of engaging in commercial sexual activity. However, aside from the allegation in the bill of information about the victim's age, there is nothing in the record before this Court to suggest that defendant pled guilty to human trafficking of a victim under the age of twenty-one years.
The transcript from the guilty plea hearing reflects that the State amended the bill of information pursuant to a negotiated plea to reflect two counts of La. R.S. 14:46.2(B)(1), and that pursuant to this amendment, defendant withdrew his pleas of not guilty and entered a plea of guilty to two counts of human trafficking. The transcript reflects that no references were made regarding the age of the victim and no factual basis was provided by the State. In addition, the waiver of rights form executed by defendant indicates that defendant pled guilty to two counts of human trafficking pursuant to La. R.S. 14:46.2(B)(1). Once again, no reference was made to the age of the victim in the waiver of rights form. Also, both the transcript of the guilty plea proceedings and the waiver of rights form reflect that defendant was advised of his possible sentencing exposure under La. R.S. 14:46.2(B)(1) and of the actual sentence that would be imposed upon acceptance of his guilty pleas. However, at no point was defendant advised that he would be required to register as a sex offender as part of his negotiated plea agreement.
In fact, at a previous bond hearing during which plea negotiations were discussed, defendant expressed his reluctance at accepting a plea deal if required to register as a sex offender. Defense counsel then requested that the charges be reduced in such a way to relieve defendant of *528 the requirement of registering as a sex offender.
As there is no indication in the record before us that defendant pled guilty to human trafficking of a victim under the age of twenty-one years, which would require registration either as a sex offense or as a criminal offense involving a minor, and no factual basis in the plea transcript that would support this determination, we find that the trial court erred in granting the State's motion to correct illegal sentence. Accordingly, pursuant to our authority in La. C.Cr.P. art. 882, we remove the provision of defendant's sentence that requires him to register as a sex offender, which requirement was added subsequent to the imposition of sentence pursuant to a negotiated plea agreement.
ERRORS PATENT REVIEW
We have also reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals no errors that require corrective action.
Accordingly, we affirm defendant's convictions for two counts of human trafficking and the seven-year concurrent sentences imposed pursuant to the negotiated plea agreement. However, we remove the provision of defendant's sentence that requires him to register as a sex offender.
CONVICTIONS AND SENTENCES, AS AMENDED, AFFIRMED

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

At the guilty plea proceedings, the State was represented by Richard Olivier, and defendant was represented by Alex Lambert. It is noted that these attorneys were not involved in the plea negotiation discussions that occurred at the June 14, 2017 bond reduction hearing.

In addition, La. R.S. 15:541(2)(p) defines human trafficking as an "aggravated offense" when the trafficking involves a person under the age of twenty-one years or when the services include commercial sexual activity or any sexual conduct constituting a crime under the laws of this state.