STATE OF LOUISIANA

VERSUS

VINCENT JACKSON

NO. 19-KA-292

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-5139, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


April 30, 2020


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.


**AFFIRMED; MOTION TO WITHDRAW GRANTED**

    **RAC**

    **MEJ**

    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Juliet L. Clark
     Terry M. Boudreaux

COUNSEL FOR DEFENDANT/APPELLANT,
VINCENT JACKSON
     Katherine M. Franks

**CHAISSON, J.**

Defendant, Vincent Jackson, pled guilty to one count of forcible rape and three counts of sexual battery and was sentenced in accordance with the plea agreement. On appeal, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), defendant's appointed appellate counsel has filed a brief, along with a motion to withdraw as attorney for defendant, asserting that after a conscientious and thorough review of the trial court record, she can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal. For the reasons that follow, we agree with counsel's assessment, affirm defendant's convictions and sentences, and grant appellate counsel's motion to withdraw as attorney of record for defendant.

## PROCEDURAL HISTORY

On December 21, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with forcible rape[1] of a juvenile, in violation of La. R.S. 14:42.1 (count one); sexual battery of a juvenile under the age of thirteen, in violation of La. R.S. 14:43.1 (count two); and sexual battery of a juvenile, in violation of La. R.S. 14:43.1 (count three). Defendant pled not guilty to the charged offenses on December 22, 2015. On February 22, 2016, the State filed a superseding bill of information adding an additional count of sexual battery of a juvenile, in violation of La. R.S. 14:43.1 (count four). Defendant thereafter pled not guilty to the superseding bill of information.

During the course of these proceedings, the trial court entertained various pre-trial motions, including defendant's motion to suppress statement and motion to sever counts, as well as the State's *motion in limine*. Following resolution of the pre-trial motions, the State, on April 10, 2018, amended count two of the

---

[1] It is noted that forcible rape is now known as second degree rape. *See* La. R.S. 14:42.1(C).

superseding bill of information to remove the age specification that the victim was under thirteen years old.

On the same date, defendant withdrew his former pleas of not guilty, and after being advised of his *Boykin*[2] rights, pled guilty as charged to the amended superseding bill of information. In accordance with the plea agreement, the trial court sentenced defendant, on count one, to twenty years imprisonment at hard labor with two years to be served without benefit of probation, parole, or suspension of sentence, and on each of counts two, three, and four, to ten years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The trial court ordered defendant's sentences to run concurrently with each other and recommended defendant for participation in any self-help programs available through the Department of Corrections.[3]

Subsequently, on April 10, 2019, in response to an application for post-conviction relief filed by defendant, the trial court granted him an out-of-time appeal.[4]

## *ANDERS* BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel has filed a brief asserting that she has made a careful review of the record and can find no non-frivolous issues to raise on appeal. She does, however, note and request

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

[3] Defendant was further notified of his sex offender registration obligations.

[4] On August 26, 2019, the State filed a motion to dismiss in this Court, asserting that defendant was not entitled to an out-of-time appeal because he entered unqualified guilty pleas thereby waiving all non-jurisdictional defects and further that defendant failed to allege or establish that he was denied the effective assistance of counsel during the plea negotiations. In addition, the State asserted that the trial court erred in summarily granting defendant's application for post-conviction relief without first affording the State an opportunity to respond. This Court denied defendant's motion to dismiss on November 14, 2019, finding that the State failed to timely seek review of the trial court's ruling granting defendant an out-of-time appeal.

[5] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

correction of an alleged error patent in the sentencing minute entry with regard to the applicable penalty provision of La. R.S. 14:43.1.  In addition to providing a thorough discussion of this alleged error patent, appellate counsel, in her brief, provides a detailed procedural history of the case, including that defendant pled guilty and was sentenced in accordance with the plea agreement, as well as the limited facts.  She also notes that defendant filed an application for post-conviction relief, in which he requested to withdraw his guilty plea based on improper conduct by his attorney; however, she recognizes that the issue raised therein cannot be addressed at this juncture because defendant's appellate remedies have not been exhausted.

Along with this brief, appellate counsel has filed a motion to withdraw as attorney for defendant, which states she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal.  In her motion, appellate counsel states that defendant had been notified regarding the filing of her motion to withdraw as well as his right to file a *pro se* brief in this appeal.[6]  As of the date of this opinion, defendant has not filed a *pro se* supplemental brief.

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.  If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence.  *State v. Bradford*, 676 So.2d at 1110.

This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record.  Our

---

[6] This Court also notified defendant of his right to file a *pro se* supplemental brief.

review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal and no ruling of the trial court that arguably supports the appeal.

We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas that would render them invalid. The transcript of the guilty plea proceedings and the waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his *Boykin* rights, including the right to a judge or jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty.

Further, defendant was informed of the sentencing ranges for each of the offenses to which he was pleading guilty and of the sentences that would be imposed upon acceptance of his guilty pleas by the court. Defendant was also informed that upon his release from imprisonment, he would be required to register as a sex offender. Defendant indicated that he was satisfied with the way his attorney handled his case, that he understood the possible legal consequences of pleading guilty, and that he had not been forced, coerced, or threatened into entering his guilty pleas. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as freely and voluntarily made.

With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In this case, the trial court sentenced defendant, in conformity with the plea agreement that was set forth in the record at the time of the plea, to twenty years imprisonment at hard labor with two years to be served without benefit of probation, parole, or suspension of sentence, on count one, and to ten years imprisonment at hard labor

without benefit of probation, parole, or suspension of sentence, on counts two, three, and four. Furthermore, defendant's sentences are within the sentencing ranges prescribed by the applicable statutes in effect at the time of the offenses. *See* La. R.S. 14:42.1(B) and La. R.S. 14:43.1(C).

## ERRORS PATENT REVIEW

We have also reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). While our review reveals no errors that require corrective action, appellate counsel, in her *Anders* brief, asserts the existence of an error patent in the sentencing minute entry and requests correction of the alleged error. Specifically, she contends that the sentencing minute entry does not accurately reflect the sexual battery charges to which defendant pled guilty.

In the present case, the April 10, 2018 sentencing minute entry provides as follows:

> The Defendant withdrew a plea of NOT GUILTY and tendered a plea of GUILTY on count 1) 14:42.1 F II Rape/Forcible.

> The Defendant withdrew a plea of NOT GUILTY and tendered a plea of GUILTY on count 2) amended charge 14:43.1 **F II** Sexual Battery.

> The Defendant withdrew a plea of NOT GUILTY and tendered a plea of GUILTY on counts 3, 4) 14:43.1 **F III** Battery/Sexual.

> (Emphasis added).

In her brief, defendant's appellate counsel suggests that the references on counts two, three, and four of the sentencing minute entry to "F II" and "F III" represent penalty enhancements when the victim is under the age of thirteen, which she alleges is inconsistent with defendant's actual guilty pleas that were entered without using the age enhancement provisions. She requests that this Court correct

the sentencing minute entry to delete the references to the age enhancement penalty provisions.

Based on our review, we find that no correction of the sentencing minute entry is required. First, there is no subsection "F" to La. R.S. 14:43.1. As noted by the State in its appellate brief, the references to "F II" and "F III" on the sentencing minute entry appear to correspond to the type of felony class the original charges fell within. Specifically, as explained by the State, as originally charged, count two charged a second-class felony necessarily punishable at hard labor, while counts three and four charged third-class felonies punishable with or without hard labor. This explanation is supported by the bills of information contained in the record, which reflect the classes of the offenses at the bottom of the bills. Accordingly, the references to "F II" and "F III" do not pertain to improper penalty provisions for defendant's guilty pleas and thus do not constitute errors patent that require corrective action.

## DECREE

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's convictions and sentences, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.

**AFFIRMED; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 30, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-292

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)      GAIL D. SCHLOSSER (APPELLEE)      JULIET L. CLARK (APPELLEE)
THOMAS J. BUTLER (APPELLEE)        KATHERINE M. FRANKS (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(ATTORNEY)
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053