STATE OF LOUISIANA

VERSUS

JUAN CARLOS RAMOS

NO. 20-KA-239

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 18,245, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE, JUDGE
PRESIDING

January 27, 2021

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**VACATED; REMANDED FOR NEW TRIAL**
    **JJM**
    **SMC**
    **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Bridget A. Dinvaut
J. Philip Prescott, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
JUAN CARLOS RAMOS
Cynthia K. Meyer

**MOLAISON, J.**

Defendant, Juan Carlos Ramos, appeals his conviction and sentence for attempted manslaughter. In light of the Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. 1390, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the defendant's non-unanimous verdict must be vacated and remanded to the trial court.

**Facts and Procedural History**

On September 26, 2018, a bill of information was filed by the St. John the Baptist District Attorney charging the defendant with the attempted second degree murder of Bryan Guillot Jr., which occurred on or about August 7, 2018. The defendant pled not guilty at his arraignment on October 4, 2018. On January 22, 2019, the defendant made an objection to the constitutionality of La. C.Cr.P. art. 782 to the extent that it allowed for a non-unanimous verdict.[1]

A trial was held on September 17-19, 2019. The State presented evidence of the defendant stabbing the victim, Brian Guillot Jr., with a machete, at 115 Augustin Lane, in Laplace, Louisiana on the evening of August 6, 2018. The defendant had recorded the incident on his phone, which was left at the scene.[2] The victim's medical record showed that he had suffered a severe hemorrhage, laceration of radial arteries, transections of nerves, tendon injuries, and psychological distress. Without the prompt response of St. John's Parish Sheriff's deputies in applying tourniquets to his arms, the victim would have died. The victim, who has had eleven surgeries since the incident, still suffers from disabilities will require more surgeries in the future.

---

[1] La. C.Cr.P. art. 782, which had been amended in May 23, 2018, previously allowed for "an *offense committed prior to January 1, 2019*, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." (emphasis added).

[2] The video, while not offering a clear view of the struggle, shows the defendant's reflection in the living room mirror and the victim at the end of a hallway. Several voices can be heard screaming in the background, saying "Juan stop", "help him" and "call the f.….g police."

The defense counsel, using the testimony of the defendant's former girlfriend, Jessica Portway, argued that defendant was angry to see the victim with Ms. Portway on the night of the incident in the trailer where they had previously resided together. Ms. Portway also testified that the victim had bullied the defendant at truck stops prior to the incident.[3] She testified that the victim had later told her that the defendant "had to saw his way out" of the victim's hold.

At the conclusion of deliberations, the defendant was found guilty of the lesser included offense of attempted manslaughter. The defendant was sentenced to the maximum penalty of twenty years at hard labor on December 16, 2019. Defendant filed a notice of appeal on the same day.

**Law and Analysis**

The defendant asserts that the trial court erred in accepting a non-unanimous jury verdict in light of the Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. 1390, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), and that this Court should vacate the defendant's conviction and remand the matter to the trial court. The jury in this case returned a non-unanimous verdict for the lesser included offense of attempted manslaughter. The transcript reflects that the verdict was ten to two.

In *Ramos*, *supra*, the United States Supreme Court found that the Sixth Amendment right to a jury trial, as applied to the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. The Court concluded: "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally. . . So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." 140 S.Ct. at 1397. For purposes of the Sixth Amendment's right to a jury trial, serious

---

[3] The victim and Ms. Portway both testified to having a "falling out" over the sale of a vehicle, after the incident but prior to the trial.

offenses are defined as offenses subject to imprisonment over six months. *State v. Harrell*, 19-371 (La. App. 5 Cir. 7/8/20), 299 So.3d 1274; *See generally Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996).

The defendant was charged with attempted second degree murder in violation of La. R.S. 14:27 and La. R.S. 14:30.1, with a required sentence of confinement at hard labor, and is thus a serious offense requiring a jury of twelve persons. See La. Const. Art. I, § 17; La. C.Cr.P. art. 782. Based on *Ramos*, defendants convicted of serious offenses by non-unanimous juries whose cases are still pending on direct appeal are entitled to a new trial.

Considering *Ramos*, that this case is on direct appeal, and that the verdict for the attempted manslaughter conviction was not unanimous, we vacate the conviction and sentence, and remand this matter to the trial court for further proceedings.

**Errors Patent**

This Court routinely reviews the record for errors patent, including sufficiency of the evidence, in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); *State v. Raymo*, 419 So.2d 858, 861 (La. 1982). Our review indicates the Louisiana Uniform Commitment Order (UCO) states that defendant was charged with attempted manslaughter, but the transcript reflects that defendant was charged with attempted second degree murder and convicted of attempted manslaughter. This error is moot based on this Court's vacating of the conviction.

**<u>VACATED; REMANDED FOR NEW TRIAL</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 27, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-239

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE (DISTRICT JUDGE)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT          J. PHILIP PRESCOTT, JR. (APPELLEE)          CYNTHIA K. MEYER (APPELLANT)
(APPELLEE)
GRANT L. WILLIS (APPELLEE)

### MAILED
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802