CHEHARDY, C.J.
On appeal, defendant's appointed appellate counsel has filed an Anders[1] brief, asserting that there is no basis for a non-frivolous appeal. Further, defendant filed a pro se supplemental brief. For the following reasons, we affirm defendant's multiple offender adjudication and sentence and grant counsel's motion to withdraw.
Procedural History
This is defendant's second appeal. On July 8, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with aggravated battery, in violation of La. R.S. 14:34. On October 18, 2017, after a two-day trial, the six-person jury found defendant guilty as charged. On November 9, 2017, the trial judge sentenced defendant to ten years imprisonment at hard labor with credit for time served. This Court affirmed his conviction and sentence. State v. Cuza , 18-187 (La. App. 5 Cir. 11/28/18), 260 So.3d 754, 756.
On November 8, 2017, the State filed a multiple offender bill of information alleging defendant was a fourth-felony offender[2] pursuant to La. R.S. 15:529.1. On May 3, 2018, pursuant to a negotiated plea agreement, the State amended the multiple bill to charge defendant as a second-felony offender[3] and defendant stipulated to the amended multiple bill.[4] After vacating the sentence for defendant's underlying aggravated battery conviction, the trial court, in accordance with the plea agreement, imposed the enhanced sentence, pursuant to La. R.S. 15:529.1, of twenty years imprisonment at hard labor without benefit of probation or suspension of sentence, *372 to run concurrently with any other sentence defendant is serving.
On August 22, 2018, defendant filed an application for post conviction relief, which the trial court construed as a request for an out-of-time appeal and granted. In this second appeal, defendant's appointed appellate counsel has filed an Anders brief regarding his multiple offender stipulation and sentence. Defendant has also filed a pro se brief.
Facts
The underlying facts, which are not relevant to defendant's second appeal, can be found in this Court's opinion of defendant's first appeal. Cuza , supra , 260 So.3d at 756-57.
Anders
Under the procedure adopted by this Court in State v. Bradford ,[5] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra , and State v. Jyles ,[6] appointed counsel requests permission to withdraw as counsel of record.
In Anders ,[7] the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw."[8]
In Jyles ,[9] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration."[10]
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[11] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw *373 and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing legal points identified by the court, or grant the motion and appoint substitute appellate counsel.[12]
Discussion
Defendant's appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that defendant was not advised of his right to a hearing or to remain silent in compliance with La. R.S. 15:529.1(D)(1)(a) when he was arraigned on the multiple offender bill on November 9, 2017. However, she notes that a failure to arraign defendant on a multiple bill is not error when defendant proceeds to a hearing without entering an objection, and the record fails to reflect that defendant objected to any deficiency. She further states that after the multiple bill was amended and defendant's stipulation tendered, defendant was advised of his right to a hearing on the allegations and of his right to remain silent, and defendant signed the waiver of rights form advising him of the same. Counsel provides that defendant was advised of the sentencing range he faced as a multiple offender and received the enhanced sentence in accordance with the plea agreement, which precludes him from seeking review of his enhanced sentence on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record which states she can find no non-frivolous issues to raise on appeal and that she has advised defendant of the filing of her Anders brief and of his right to file a supplemental brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until February 7, 2019 to file a pro se supplemental brief. Defendant filed a pro se supplemental brief on February 20, 2019.
The State responds that counsel is correct in her assertion that this case presents no non-frivolous issues for appeal, and her brief shows a conscientious and thorough review of the record in accordance with procedures set forth in Anders and Jyles , supra . The State avers that counsel's motion to withdraw as counsel of record should be granted and the sentence upheld.
An independent review of the record of defendant's multiple offender adjudication and sentencing supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Here, defendant stipulated to the multiple bill; consequently, all non-jurisdictional defects were waived.
Further, our review of the record reveals no constitutional infirmity in defendant's stipulation to the multiple bill. On November 9, 2017, defendant was set for arraignment on the original multiple bill.
*374 That day, the State indicated that it could prove that defendant had three prior felony convictions, and the instant conviction, if enhanced, would subject him to an automatic life sentence. At that time, defendant waived reading of the bill, tendered a "plea of not guilty" to the multiple bill, and requested time to file a response to the multiple bill, which was granted.
La. C.Cr.P. art. 555 states:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
Here, defendant waived any irregularity when he waived formal reading of the original multiple bill. Although defendant was not arraigned on the amended multiple offender bill of information, he immediately stipulated to it as part of a negotiated plea agreement. This Court has consistently held that when a defendant proceeds to a multiple offender hearing without objecting to the lack of arraignment, any error in the failure to arraign is waived. State v. Suggs , 10-599 (La. App. 5 Cir. 5/31/11), 70 So.3d 60, 66, writ denied , 2011-1366 (La. 12/16/11), 76 So.3d 1199. Defendant did not object to any irregularity in failing to re-arraign him after the State amended the multiple bill on May 3, 2018. Therefore, any irregularity was waived when defendant stipulated to the multiple bill. Further, defendant filed an opposition to the allegations contained in the multiple bill so he was aware of the allegations contained in the multiple bill.[13]
At the multiple offender hearing, the defendant may admit or deny the allegations of the multiple bill "after being duly cautioned as to his rights ..." La. R.S. 15:529.1(D)(3) ; State v. Johnson , 432 So.2d 815, 817 (La. 1983) (a trial court should, prior to a defendant's admission, advise defendant "of his right to a formal hearing, to have the [prosecution] prove its case under the multiple offender statute, [and] of his right to remain silent").
If the record reflects that the defendant was advised of his multiple offender rights by the trial judge and/or his attorney, then the defendant intelligently waived his rights. State v. Hart , 10-905 (La. App. 5 Cir. 5/10/11), 66 So.3d 44, 48, writ denied , 2011-1178 (La. 11/18/11), 75 So.3d 448. At the multiple bill hearing on May 3, 2018, the trial judge informed defendant of his rights and defendant executed a waiver of rights form, which advised him of his right to a hearing and to remain silent, prior to stipulating to the multiple bill. We find that the record reflects defendant was adequately advised of his multiple offender rights before his stipulation to the multiple bill, and he knowingly and intelligently waived those rights.
In addition, the trial court advised defendant that he faced a sentencing range of five to twenty years of imprisonment without benefit of probation or suspension of sentence. The waiver of rights form also contains the sentencing range defendant faced. Defendant was advised during the colloquy and via the waiver of rights form that he would receive a sentence of twenty years imprisonment without benefit of probation *375 or suspension of sentence, and defendant thereafter received this sentence. The waiver of rights form additionally contains that no one had forced, coerced, or threatened defendant to enter "this guilty plea," and he understood the consequences of "pleading GUILTY." Defendant's initials appear beside these provisions. Defendant also denied during the colloquy that anyone was forcing or threatening him to stipulate to being a multiple offender. The trial court then indicated it was satisfied that defendant understood his multiple offender rights and accepted his stipulation to being a second-felony offender.
Regarding defendant's sentence, defendant's enhanced sentence of twenty years imprisonment at hard labor without probation or suspension of sentence was imposed pursuant to the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. This Court has also applied La. C.Cr.P. art. 881.2(A)(2) to cases in which a defendant admits to the allegations in a multiple bill of information as part of a sentencing agreement. State v. Heath , 17-502 (La. App. 5 Cir. 12/27/17), 236 So.3d 732, 735. Although defendant received the maximum sentence, his enhanced sentence nonetheless falls within the sentencing ranges set forth in La. R.S. 15:529.1[14] and La. R.S. 14:34.[15] Thus, defendant's twenty-year sentence of imprisonment at hard labor without benefit of probation or suspension of sentence was imposed pursuant to the plea agreement and does not present any non-frivolous issues which would support an appeal.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.
In his pro se assignments of error,[16] defendant argues that his habitual offender adjudication and sentence is invalid because the trial court accepted a guilty plea that was made before Mr. Cuza was duly cautioned as to his rights and the habitual offender adjudication is invalid because the trial court did not comply with the procedures required by La. R.S. 15:529.1. We note that defendant failed to brief his specification that the trial court failed to comply with La. R.S. 15:529.1. All specifications or assignments of error made to the courts of appeal must be briefed; the court may consider as abandoned any specification or assignment of error which has not been briefed. Uniform Rules - Courts of Appeal, Rule 2-12.4 ; State v. Camp , 16-473 (La. App. 5 Cir. 3/15/17), 215 So.3d 969, 973. With regard to defendant's first assignment of error, we find, as discussed supra , that there is no constitutional infirmity in defendant's stipulation *376 and sentencing as a multiple offender, and, thus, defendant's assignment lacks merit.
Errors patent
Finally, we have reviewed the record of defendant's multiple offender adjudication and sentencing for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). See State v. McClure , 15-237 (La. App. 5 Cir. 9/23/15), 176 So.3d 730, 734.
The Uniform Commitment Order ("UCO") of defendant's multiple offender sentence contains a discrepancy with the transcript that requires correction. The UCO fails to reflect the restriction of benefits of probation or suspension of sentence for the entirety of defendant's enhanced sentence. This Court has previously remanded a case for correction of the UCO in its error patent review. See State v. Lyons , 13-564 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied , 2014-0481 (La. 11/7/14), 152 So.3d 170. See also State v. Woods , 15-247 (La. App. 5 Cir. 9/23/15), 176 So.3d 672, 676 (where this Court remanded the UCO for correction as it failed to reflect the defendant's enhanced sentence was imposed without benefit of probation or suspension of sentence).
Therefore, we order the trial court to correct the UCO to reflect that defendant's enhanced sentence is to be served in its entirety without the benefit of probation or suspension of sentence. Further, we direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities and to the Department of Corrections' legal department. See State v. Smith , 18-131 (La. App. 5 Cir. 10/17/18), 258 So.3d 973, 982-83.
Conclusion
For the foregoing reasons, defendant's multiple offender adjudication and sentence are affirmed. Further, since appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.
AFFIRMED; REMANDED FOR CORRECTION OF THE COMMITMENT; MOTION TO WITHDRAW GRANTED.

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The State alleged that defendant had three prior felony convictions: a 2010 felony conviction for false imprisonment with a dangerous weapon in violation of La. R.S. 14:46.1 ; a 2005 felony conviction for burglary in violation of Fl. R.S. 810.02; and a 2005 conviction for attempted possession with intent to distribute cocaine in violation of Fl. R.S. "893.13(2)(A)(1)/777.04."

The State maintained that defendant had the 2010 predicate conviction for false imprisonment with a dangerous weapon, a violation of La. R.S. 14:46.1.

During the same proceeding, defendant pled guilty under North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and State v. Crosby , 338 So.2d 584, 588 (La. 1976), to two counts of false swearing for purpose of violating public health or safety, violations of La. R.S. 14:126.1 (counts two and three). He was sentenced to time served. Defendant has not appealed those convictions or sentences.

95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. The Bradford Court adopted its procedure from that of the Fourth Circuit, set forth in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir.1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

704 So.2d at 241.

Id.

Bradford , supra at 1110.

Id.

See State v. Packnett , 03-1446 (La. App. 5 Cir. 4/27/04), 873 So.2d 789, 793-94, writ denied , 2004-2559 (La. 6/24/05), 904 So.2d 736, where this Court found the fact that the defendant filed a written response to a revised multiple offender bill indicated he was aware of the amended allegations. Here, the State also filed a response to defendant's opposition on April 19, 2018, before the multiple bill was amended.

At the time of the offense, La. R.S. 15:529.1(A)(1) provided:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.

La R.S. 14:34(B) provides: "Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both."

Although defendant sets forth two assignments in his pro se brief, he only briefs assignment of error number one.